We think the case of Simmons v. State, 109 Tex.Cr.R. 157, 3 S.W.2d 449, is authority against appellant's contention that Article 1231, P.C. defining negligent homicide of the first degree, is invalid.

The application for leave to file second motion for rehearing is denied.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

---

## BURNSIDE v. STATE.
### No. 21447.

Court of Criminal Appeals of Texas.
Feb. 12, 1941.

J. W. McCullough and H. H. Neilson, both of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Upon appellant's plea of guilty of the offense of driving an automobile upon a public highway while under the influence of intoxicating liquor, and the waiver of a trial by jury, the court assessed his penalty at a fine of $50 and confinement in the county jail for five days.

The record before us contains neither a statement of facts nor bills of exception. The indictment seems to be in proper form. All matters of procedure appearing regular, the judgment will be affirmed.

---

## CRUTCHER v. STATE.
### No. 21445.

Court of Criminal Appeals of Texas.
Feb. 12, 1941.

J. W. McCullough, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the district court of Collin County on a charge of driving while intoxicated, and his punishment assessed at five days in jail and a fine of $50.

The proceedings appear regular and the facts are sufficient to warrant the conviction. No statement of facts or bills of exception are presented and there is nothing for this court to review.

The judgment of the trial court is affirmed.